UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS-CRAIG WOOLSEY,<br><br>                              Plaintiff,<br><br>v.<br><br>BENTON COUNTY; PHILIP MILLER, *County Attorney*; CORY EISENSCHENK, *County Sheriff's Office*; JUDGE ROBERT RAUPP, *7th District Court Judge*; SHERIFF TROY HECK, *County Sheriff's Office*; JOSEPHY SYLVAN MAYERS, *City Attorney*; and LINDA VANG, *Minnesota Department of Public Safety Driver and Vehicle Services*,<br><br>                              Defendants. | Civil No. 17-1584 (JRT/LIB)<br><br>**ORDER** |

Dennis-Craig Woolsey, 56 33rd Avenue South, Unit 155, Saint Cloud, MN 56301, *pro se* plaintiff.

Nigel H. Mendez, **CARLSON & ASSOCIATES, LTD.**, 1052 Centerville Circle, Vadnais Heights, MN 55127, for defendants Benton County, Philip Miller, Cory Eisenschenk, and Sheriff Troy Heck.

Stephen D. Melchionne, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for defendants Judge Robert Raupp and Linda Vang.

Joseph S. Mayers and Timothy R. Reuter, **KELM & REUTER, PA**, 1287 2nd Street North, Suite 10, Sauk Rapids, MN 56379, for defendant Joseph Mayers.

Plaintiff Dennis-Craig Woolsey filed this action seeking damages and injunctive relief related to his state criminal prosecution for driving with a suspended driver's license. On October 18, 2017, Magistrate Judge Leo I. Brisbois issued a Report and

Recommendation ("R&R") recommending that the case be dismissed without prejudice. After an independent review of the files, records, and proceedings, the Court will dismiss the case without prejudice pursuant to the *Younger* abstention doctrine.

## BACKGROUND

On December 8, 2016, Woolsey received a citation for driving with a suspended driver's license in Benton County. (Compl. ¶ 7, May 12, 2017, Docket 1.) Prosecution of the criminal case was subsequently transferred from Benton County Attorney's Office to the Sauk Rapids City Attorney's Office. (*See id.* ¶ 8.) After a bench trial on June 15, 2017, Woolsey was convicted of driving with a suspended license in violation of Minn. Stat. § 171.24, subd. 1.[1] The state court entered judgment on the conviction on June 30, 2017. Woolsey did not file a direct appeal, claiming that he would only have been denied an impartial jury twice.

On May 12, 2017, while his state prosecution was still ongoing, Woolsey filed this action, alleging that the state criminal prosecution resulted in a "constructed incarceration" that infringes on his right to travel. (Compl. ¶ 27.) He seeks an "Order for Right to Travel," an "Order to Vacate Fraudulent Suspended License," and $37,227.07 in damages. (*Id.* ¶¶ 27-29.) At the hearing before the Magistrate Judge, Woolsey also requested that the Court vacate his state criminal conviction.

---

[1] Much of the factual background discussed in the R&R and this order comes from the September 13, 2017, hearing before Magistrate Judge Brisbois. The Court has listened to a digital recording of this motion hearing in order to review the R&R.

Woolsey named the following defendants in his complaint (collectively, "Defendants"): (1) Benton County Attorney Philip Miller; (2) Benton County Sheriff's Deputy Cory Eisenschenk; (3) Minnesota State District Court Judge Robert Raupp; (4) Benton County Sheriff Troy Heck; (5) Sauk Rapids City Attorney Joseph Sylvan Mayers; (6) Minnesota Department of Public Safety employee Linda Vang; and (7) Benton County. (Compl. at 1-3.) Mayers filed an answer to the Complaint. (Answer, June 7, 2017, Docket 17.) The remaining Defendants filed motions to dismiss. (County Defs.' Mot. to Dismiss, June 15, 2017, Docket 19; State Defs.' Mot. to Dismiss, July 5, 2017, Docket 44.)

The Magistrate Judge recommended that, because Woolsey seeks to enjoin a state criminal prosecution that was ongoing at the time he filed his Complaint, the Court must dismiss the action as to all defendants under *Younger v. Harris*, 401 U.S. 37 (1971). (R&R at 9-10, Oct. 18, 2017, Docket 71.) Woolsey filed objections to the Magistrate Judge's R&R. (Objs., Oct. 31, 2017, Docket 72.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R.

Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  The Court construes Woolsey's *pro se* pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) "challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Doe v. Piper*, 165 F. Supp. 3d 789, 797 (D. Minn. 2016) (citing *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013)).  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982)).  In other words, in a facial challenge, the court "determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the plaintiff." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

## II.   DEFENDANTS' MOTIONS TO DISMISS

Woolsey claims that his state prosecution and the resulting conviction infringe on his constitutional right to travel.[2]  Woolsey objects to the R&R, arguing that the *Younger*

---

[2] Woolsey objects on the grounds that he is claiming a "natural right" rather than a federal constitutional right." (Objs. at 4.) This characterization of the claim deprives the case of a question of federal law. *See* 28 U.S.C. § 1331 (granting federal courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").  Because the Court must construe Woolsey's *pro se* pleadings liberally, *see Erickson*, 551 U.S. at 94, the Court will proceed as if he is claiming the infringement of a constitutional right.

abstention doctrine does not apply to this case. (Objs. at 12.) The Court reviews Woolsey's objection to the R&R *de novo*. Fed. R. Civ. P. 72(b)(3). Because Woolsey's criminal prosecution was pending at the time he filed this action and he did not exhaust his state appellate remedies, the Court will conclude that *Younger* applies to this case.

Principles of comity and federalism require federal courts to abstain from enjoining ongoing state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). When a court abstains from deciding a case under *Younger*, dismissal of the action without prejudice is appropriate. *See Anderson v. Schultz*, 871 F.2d 762, 766 (8th Cir. 1989).

*Younger* requires a federal court to abstain even when the state prosecution is no longer ongoing. In *Huffman v. Pursue, Ltd.*, a plaintiff who had lost in state court immediately filed suit in federal court instead of appealing in state court. 420 U.S. 592, 598 (1975). The Court acknowledged the plaintiff's belief that a state appeal would have been "futile" but held that *Younger* applies until the losing state litigant exhausts state appellate remedies.[3] *Id.* at 610-11. The Supreme Court stated, "[R]egardless of when the [Ohio state district court's] judgment became final, we believe that a necessary concomitant of *Younger* is that a party . . . must exhaust his state appellate remedies **before** seeking relief in the District Court." *Id.* at 608 (emphasis added). "[T]he considerations of comity and federalism which underlie *Younger* permit no truncation of

---

[3] *Huffman* involved a state public nuisance civil proceeding rather than a criminal proceeding. 420 U.S. at 594-95. The Court held that this distinction did not preclude the application of *Younger*'s principles. *Id.* at 594.

the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious." *Id.* at 610. To hold otherwise would deprive the state judiciary of its fairly accorded opportunity to resolve federal issues and would result in federal district courts acting as state appellate courts. *Id.* at 609.

Applying these principles, the Court must abstain from deciding Woolsey's case. Woolsey asks the Court to enjoin the criminal prosecution in Minnesota state district court and issue declaratory relief stating that he may not, in the future, be cited for driving without a driver's license. Woolsey's state prosecution was pending at the time he brought his federal constitutional claim. Although that prosecution is no longer pending, Woolsey did not exhaust his state appellate remedies. *See Huffman*, 420 U.S. at 609-10. He now asks the Court to enjoin state and local officials from enforcing his conviction and to vacate the conviction itself. Under *Younger*, the Court must refrain from granting declaratory relief or otherwise enjoining the state prosecution of Woolsey.

Woolsey also asserts a claim for money damages. *Younger* typically only requires federal courts to dismiss actions for declaratory and injunctive relief. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998) (citing *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997)). But where granting damages would require the court to declare a state statute or state court judgment unconstitutional, dismissal is warranted. *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996). In order to award Woolsey damages, the Court would necessarily have to accept his argument that the statute requiring a valid driver's license to operate a vehicle in Minnesota

unconstitutionally infringes on his constitutional right to travel. Because *Younger* prohibits this type of intrusion into state criminal proceedings, dismissal of Woolsey's case is warranted. *Amerson*, 94 F.3d at 513.

Moreover, while only two of the Defendants raised *Younger* in their motions to dismiss, the Court will dismiss Woolsey's case in its entirety. Courts may address the appropriateness of abstention *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *accord Cincinnati Indem. Co. v. A & K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008). Woolsey's allegations as to each of the Defendants would require the Court to pass upon the constitutionality of Woolsey's state criminal proceedings. The Court must abstain rather than interfere with those proceedings.[4]

## ORDER

Based on the foregoing, and all files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's Objections [Docket. No. 72] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 71].

---

[4] Woolsey's remaining objections are based on his belief that he was not the accused in the state proceeding and that he was never issued a valid driver's license in the first place. The Court finds these arguments to be without merit.

Finally, the Court is in receipt of Woolsey's "Motion to Amend the Claim and Consider Facts of the Case." (Mot. to Amend, Dec. 12, 2017, Docket No. 73.) In his motion, Woolsey requests to amend his complaint to address allegations that his right to travel has been taken by the government using eminent domain. (*Id.* at 2.) An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "The question of whether a complaint is legally frivolous is one law, not of fact." *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986). The Fifth Amendment prohibits the taking of "private property . . . for public use, without just compensation." U.S. Const. amend. V. The Court finds that Woolsey has not alleged a taking of private property as envisioned by the Fifth Amendment and, therefore, will deny Woolsey's motion as frivolous.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Benton County, Troy Heck, Cory Eisenschenk, and Philip Miller's Motion to Dismiss [Docket No. 19] is **GRANTED**;

2. Defendants Robert Raupp and Linda Vang's Motion to Dismiss [Docket No. 44] is **GRANTED**;

3. Plaintiff Dennis-Craig Woolsey's Motion to Amend the Claim and Consider Facts of the Case [Docket No. 73.] is **DENIED**; and

4. The action is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 2, 2018     ___s/John R. Tunheim_____
at Minneapolis, Minnesota.     JOHN R. TUNHEIM
    Chief Judge
    United States District Court